**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
Case Number: _____

FRANK CALMES, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

BOCA WEST COUNTRY CLUB, INC.,
a Florida Not For Profit Corporation,
BW-INV, LLC, a Florida Limited Liability
Company, JEROLD GLASSMAN,
PHILIP KUPPERMAN, and
LARRY CORMAN

      Defendants.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Frank Calmes ("Plaintiff"), individually and on behalf of all others similarly situated, sues Defendants Boca West Country Club, Inc., BW Inv., LLC, Jerold Glassman, Philip Kupperman and Larry Corman (collectively "BWCC" or "Defendants"), and alleges:

## NATURE OF CASE

1. Plaintiff brings this putative class action on behalf of individuals who own or owned property at Boca West Country Club because Defendants' breach of agreement, mismanagement, deceptive conduct, malpractice and errors and omissions are improperly increasing dues and fees for Class Members and decimating their property value.

2. Boca West advertises that it is "The Nation's #1 Private Residential Country Club[,]" but its misconduct has resulted in skyrocketing dues, fees. Further, Class Members cannot

1

sell property for one dollar that previously had significant value. Further class members that sell real estate must sell at significantly reduced values.

3. Defendants' mismanaging the sale of club property led to a loss of over $17,000,000. In selling club property to Akoya Associates, LLC, Defendants failed to include/enforce a standard time of the essence provision in the sale contract, resulting in a five year building delay. Because the Akoya units were not timely built, the Club lost $9,000,000 in yearly dues - 120 units x $15,000 annual dues x 5 years = $9,000,000. Further, the Club lost $8,400,000.00 in initiation fees - 120 units x $70,000 initiation fee = $8,400,000.

4. To cover this mismanagement, Defendants increased membership dues, decreased refunds and increased fees because the Akoya unit dues were not being received. Previously a Class Member did not have to buy a membership or could purchase a $20,000 membership and receive a $15,000 refund when selling the property. Defendants increased the membership dues to $70,000 and Class Members receive a $200 refund when selling. Defendants' actions caused a significant restraint on the marketability of the Class Members' properties. On average Class Members' properties have decreased over $120,000 per unit, some have lost 99% of their value and others cannot be sold for $1. In total, Defendants' action have resulted in a $500,000,000 decrease in the value of Class Members' properties.

5. Defendants Jerold Glassman and Philip Kupperman are BWCC board members. Philip Kupperman is a former managing partner at Arthur Anderson. Jerold Glassman is an attorney with over 40 years of experience and was the founder and CEO of a nationally recognized law firm. Glassman and Kupperman were required to use their experience and expertise on behalf of the Club and Class Members. Glassman and Kupperman were in favor of the Akoya sale and Class Members trusted their opinions based on their vast experience and expertise. Defendants Glassman and Kupperman did not use the experience and expertise for the Club's benefit

6. Defendants Glassman and Larry Corman are attorneys who breached their duty to provide skillful and competent representation. Defendants' breach damaged the Club, Plaintiff and Class Members.

7. Defendants mismanaged the sale of club property to Akoya Associates, LLC, increased fees, costs, terminated or re-categorized memberships, failed to refund Membership payments for terminated, re-categorized or resigned members, and demanded and received payment for rental lockers it did not provide. Defendants have been unjustly enriched by their misconduct, while Class Members have been damaged.

8. Plaintiff seeks, for himself and Class Members, damages for the decrease in their property value and a refund of membership fees, and costs based on Defendants' breach of agreement, mismanagement, deceptive conduct, and errors and omissions have caused, and a declaration from the Court concerning their liability for Club charges.

## PARTIES

9. Plaintiff Frank Calmes is a citizen and resident of the State of Florida.

10. Boca West Country Club, Inc. is a business entity existing and doing business in Florida and runs Boca West County Club.

11. BW Inv., LLC is a limited liability company existing and doing business in Florida and was involved in the mismanaged and sale of club property to Akoya Associates, LLC ("Akoya").

12. Jerold Glassman is a citizen and resident of the State of Florida.

13. Philip Kupperman is a citizen and resident of the State of Florida.

14. Larry Corman is a citizen and resident of the State of Florida.

## JURISDICTION AND VENUE

15. This Court may assert jurisdiction under the Class Action Fairness Act because the acts occurred in Florida, Plaintiff is a citizen of the State of Florida, and the amount in controversy exceeds $5,000,000.

16. Defendants advertise and market BWCC throughout the country, using interstate mailings and other methods to solicit, market and advertise throughout the country.

17. While Class Members own BWCC property, many are citizens of other states, and after discovery, subclasses may need to be created for the application of Class Members home state laws.

18. The case is properly brought in this district because Defendants engage in business in the district.

19. To the extent Defendants claim an individual arbitration requirement exists, such requirement is unconscionable and unenforceable because Defendants fraudulently induced Plaintiff and the Class into entering the agreement and Plaintiff and the class cannot vindicate their rights in individual arbitrations.

## FACTS

**A. Background**

20. BWCC says it is one of the Nation's largest private equity owned clubs, spans 1,400 acres of lush tropical landscaping with an array of magnificent residences including townhomes, patio homes, villas, garden apartments and single-family homes. In all, the communities offer footprints of 1,000 square feet to more than 7,000 square feet.

21. It states that the Club's 54 distinctive villages are bordered by waterways, four celebrated championship golf courses designed by Pete Dye, Jim Fazio and Arnold Palmer, as well

as an outstanding tennis facility of 30 Hydro tennis courts, U.S. Open Cushion Court with eight Pickleball courts and a $1.9 million Tennis Center.

22. Additionally claiming that the award-winning community is home to more than 6,000 residents (3,380 families). Since 1991 Boca West Country Club facilities are owned by the membership.

23. BWCC claims that besides great golf and tennis, members benefit from our spectacular club facilities that include a world-class European-styled spa, fitness and aquatics center along with marvelous restaurants offering everything from casual to gourmet fare.

24. Despite BWCC's claims, Defendants' conduct has resulted in Class Members paying improper and excess fees/dues and having their property values dramatically decreased.

**B.     Defendants Changing Terms**

25. Defendants sold several categories of membership, including golf, social and tennis, and residential real property.

26. Originally, Class Members did not have to purchase a BWCC membership.

27. Now, purchasing a membership is required to purchase BWCC property.

28. This added requirement and payment decreases Class Members' property value.

29. Further, the types of memberships have been limited, the fees/dues increased, terms decreased and the refund Class Members receive when selling reduced.

30. Previously a Class Member did not have to buy a membership or could purchase a $20,000 membership and receive a $15,000 refund when they sold the property.

31. Now, a $70,000.00 membership is required to purchase a property and only $200 is refunded.

32. This has decimated Class Members' property values and made less expensive units valueless.

33. Defendants have also added rental restrictions that further lowers Class Members' property value.

### C. The Akoya Property Sale

34. Part of the BWCC land was a parcel of un-improved vacant land (the "Akoya property").

35. In selling the property, Defendants did not include/enforce a "time of the essence" clause in the sale contract.

36. This is a standard provision and failing to include/enforce the provision decreased the value of the transaction and damaged the Class Members.

37. In selling the property, Defendants did not restrict the type and quantities of units Akoya could build on the property which now neighbors BWCC.

38. Defendants' misconduct resulted in a five (5) year delay in building club units.

39. This misconduct damaged Plaintiff and the Class.

### D. Defendants Demanded And Received Payment For Member Lockers They Did Not Provide

40. Defendants demand and received payments from Class Members for renting facility lockers for twelve months.

41. In or about March 2015, approximately half way through the twelve month locker rental, Defendants demolished the building in which the lockers were located.

42. No alternate lockers were provided.

43. Despite due demand, Defendants refused to return any of the locker rental fee to Class Members despite not providing the lockers.

44. Defendants were unjustly enrichment by this conduct at the Class Members' expense.

### E. Defendants' Misconduct Decimated Class Members Property Values

45. Boca West advertises that it is "The Nation's #1 Private Residential Country Club[,]" "one of the Nation's largest private equity owned clubs," and an "award-winning community[.]"

46. However, Class Members' property values have been decimated by Defendants' misconduct.

47. Numerous previously valuable properties are now virtually valueless or have a negative value.

48. Numerous units are on the market for $5,000.00 or less, and are not selling.

49. A two bedroom, three bath unit is now on the market for $500.00 with the Seller agreeing to pay the buyer $30,000.00 – valuing the property at a negative $29,500.00:

> Seller offering up to $30K towards the buyer's mandatory membership! Great 2 bed 2.5 bath townhome style unit with lake views. Boca West is a gated country club community featuring four 18-hole championship golf courses, 31 Har-Tru tennis courts, sports center with a waterfall pool, pool bar, and children's area, multipurpose fitness center and aerobics studio, a spa, and a clubhouse with dining and activities. Mandatory $70k membership required. https://www.langrealty.com/listing/rx-10237936-1205-bridgewood-pl-boca-raton-fl-33434/

50. Class Members have been damaged and Defendants' unjustly enriched by Defendants' misconduct.

51. All conditions precedent to filing this action have occurred, been waived or performed.

52. Defendants Glassman and Kupperman breached and failed to perform their duties as Board Members.

53. Defendants Glassman and Kupperman derived improper personal benefits while acting as Board Members.

54. Defendants Glassman and Kupperman showed conscious disregard for the corporation.

## CLASS ACTION ALLEGATIONS

55. Plaintiff sues as a class action under Fed. R. Civ. P. 23, on behalf of a class defined as:

> All persons in the United States who purchased property at Boca West County Club. The term "persons" includes individuals and profit and not-for-profit corporations, partnerships, limited liability companies, limited liability partnerships, joint ventures, sole proprietorships, associations, firm, trust and other business and governmental entities.
>
> Excluded from this Class are any persons or other entity related to or affiliated with the Defendants; any person, firm, trust, corporation, or other entity who purchased, for resale, from Defendants, or any entity related to or affiliated with Respondent or any person with an claim for damages for personal injury or death or property damage against Defendants.

56. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

57. The proposed class is composed of over 3,000 persons.

58. All members of the proposed Class are fully ascertainable through records maintained by various Defendants, and Class Member records.

59. No violations alleged result from any oral communications or individualized interaction of any kind between any class members and any Defendants.

60. Rather, all claims arise from the identical material omission of fact and common course of conduct alleged.

61. There are common questions of law and fact affecting the rights of the class, including:

    a. Whether Defendants improperly terminated any category of membership, changed membership terms or increased fees/dues;

    b. Whether Defendants improperly charged and denied refunds for lockers not provided;

    c. Whether Defendants improperly handled the sale of the Akoya property to Class Members financial detriment;

    d. Whether Plaintiffs and Class Members are liable to Defendants to pay on going dues;

    e. Whether Defendants made false or misleading statements, or representations of fact;

    f. Whether Defendants' acts deceived or deceived a substantial segment of its audience;

    g. Whether Defendants violated Florida's Consumer Protection laws;

    h. Whether members of the class are entitled to the entry of final declaratory and injunctive relief;

    i. Whether class members are entitled to actual damages and if so, the amount thereof; and

    j. Whether Defendants deliberately misrepresented or failed to disclose material facts to Plaintiff and the Class members.

a.

62. Plaintiff is a member of the class he seeks to represent.

63. The claims of Plaintiff are not only typical of all class members, they are identical.

64. All claims of Plaintiff and the class arise from the same material omission of fact and common course of conduct.

65. All claims of Plaintiff and the class are based on the exact same legal theories.

66. Plaintiff has no interest antagonistic to, or in conflict with, the Class.

67. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

68. Defendants have acted and refused to act on grounds applicable to the Class, making appropriate injunctive and declaratory relief for the Class.

69. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

70. A class action is the only practical, available method for the fair and efficient adjudication of the controversy since the damages suffered by each class member makes individual actions economically unfeasible.

71. Common questions will predominate, and there will be no unusual manageability issues.

## COUNT I
## DECLARATORY JUDGMENT

72. Plaintiff repeats and realleges every allegation contained above as if fully set forth.

73. This is an action under 28 U.S.C. § 2201(a) for a declaratory judgment and supplemental relief against Defendants.

74. Defendants contend they may increase membership dues, decreased refunds and increased fees, but Plaintiff disagrees.

10

75. Defendants contend they may terminated or re-categorized memberships, not refund Membership payments for terminated, re-categorized or resigned members, but Plaintiff disagrees.

76. Defendants contend they may demanded and received payment for rental lockers it did not provide, but Plaintiff disagrees.

77. A justifiable controversy exists between two or more parties.

78. Regarding their respective rights under a contract.

79. Such that the plaintiff asserts a claim of a legally protected right.

80. The issue is ripe for judicial determination.

81. Plaintiff asks the court to determine the parties' relative rights under the agreement(s).

## COUNT II
## BREACH OF CONTRACT

82. Plaintiff repeats and realleges every allegation contained above as if fully set forth.

83. Defendants have increased membership dues, decreased refunds and increased fees.

84. Defendants have terminated or re-categorized memberships, and not refunded Membership payments for terminated, re-categorized or resigned members.

85. Defendants have demanded and received payment for rental lockers it did not provide.

86. Agreements were formed between Plaintiff and the Class and Defendants.

87. Plaintiff and the Class performed.

88. Defendants failed to perform.

89. As a direct and proximate result of Defendants' failure to perform, Plaintiff and Class Members have been damaged.

## COUNT III
## INJUNCTIVE RELIEF

90. Plaintiff repeats and realleges every allegation contained above as if fully set forth.

91. Defendants have and will continue to increase membership dues, decreased refunds and increased fees, but Plaintiff disagrees.

92. Defendants have and will continue to terminate or re-categorize memberships, and not refund Membership payments for terminated, re-categorized or resigned members.

93. Defendants have and will continue to demanded and received payment for rental lockers and other goods and services it will not provide.

94. Injunctive relief is sought on behalf of Plaintiff and Class Members under Rule 23(b)(3).

95. Plaintiff and the Class have no adequate remedy at law.

96. Irreparable harm will continue and occur absent equitable relief preventing Defendants' conduct.

97. Any potential injury to Defendants attributable to an injunction is outweighed by the injury that Plaintiffs and Class Members will suffer if such injunction is not issued, and such injunction would not be adverse to the public interest.

## COUNT IV
## VIOLATION OF FLORIDA'S CONSUMER PROTECTION LAWS

98. Plaintiff repeats and realleges every allegation contained above as if fully set forth.

99. Defendants' breach of agreement, mismanagement, deceptive conduct, malpractice and errors and omissions are improperly increasing dues and fees for Class Members and decimating their property value.

100. Boca West advertises that it is "The Nation's #1 Private Residential Country Club[,]" but its deceptive conduct has resulted in skyrocketing dues and fees

101. Defendants have deceptively increased membership dues, decreased refunds and increased fees.

102. Defendants have deceptively increased fees, costs, terminated or re-categorized memberships, failed to refund Membership payments for terminated, re-categorized or resigned members, and demanded and received payment for rental lockers it did not provide.

103. Plaintiff and the other members of the Class have been injured and suffered damages by violations of Florida's Consumer Protection laws, which outlaws unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

104. Defendants engaged in acts and practices in the State of Florida that were unfair and deceptive in a material way, and that injured Plaintiff and the other members of the Class.

105. Such acts and practices were likely to deceive a reasonable consumer acting reasonably under the circumstances existing.

106. Plaintiff and the other members of the Class have been damaged by Defendants violations of Florida's Consumer Protection laws, for which they seek recovery of the actual damages they suffered because of Defendants willful and wrongful violations of Florida's Consumer Protection laws, in an amount to be determined.

107. Plaintiff and the other members of the Class seek all available damages and an award of reasonable attorney's fees.

## COUNT V
## UNJUST ENRICHMENT

108. Plaintiff repeats and realleges every allegation contained above as if fully set forth.

109. Defendants' breach of agreement, mismanagement, deceptive conduct, malpractice and errors and omissions are improperly increasing dues and fees for Class Members.

110. Boca West advertises that it is "The Nation's #1 Private Residential Country Club[,]" but its deceptive conduct has resulted in skyrocketing dues and fees

111. Defendants have deceptively increased membership dues, decreased refunds and increased fees.

112. Defendants have deceptively increased fees, costs, terminated or re-categorized memberships, failed to refund Membership payments for terminated, re-categorized or resigned members, and demanded and received payment for rental lockers it did not provide.

113. By their wrongful acts and the omissions of material fact they caused to be made, the Defendants were unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

114. Defendants' financial benefit and other benefits, including but not limited to receiving and utilizing extra Club benefits was unjust because of the Defendants' bad faith conduct.

115. Plaintiff, as a member of the Class, seeks restitution from the Defendants and seeks an order disgorging all profits, benefits, and other compensation, obtained by the Defendants due to their wrongful conduct.

## COUNT VI
## CIVIL RICO/CONSPIRACY

116. Plaintiff repeats and realleges every allegation contained above as if fully set forth.

117. Several Defendants conspired to keep the progress of the Akoya project away from the general membership, leading them to stay and lose property values.

118. Defendants conspired with one another to perpetrate an unlawful act upon Plaintiff and the Class or to perpetrate a lawful act by unlawful means, to wit: they made multiple

misrepresentations of fact in an effort to extract money from Plaintiff and the Class, and further their personal financial interests, not Club purposes, to which Plaintiffs were told by Defendants – all of which put Defendants' own pecuniary interest ahead of Plaintiff's and the Class' welfare and economic safety.

119. Defendants solicited and/or accepted from Plaintiff and the Class large sums of funds while withholding from Plaintiff and the Class certain material facts, including that Akoya membership dues would not be received in a timely manner and that the rental locker would not be provided.

120. All Defendants agreed to the illicit purpose for garnering monies from Plaintiffs so that the individual Defendants could enjoy lavish Club lifestyles with the benefits being funded by Plaintiff and Class Members' money.

121. In furtherance of their conspiracy, Defendants made to Plaintiffs, or agreed to have someone make on their behalf, the false statements of fact detailed above and purposefully withheld from Plaintiffs certain material facts detailed above in a concerted effort to obtain Plaintiff's and Class Members' funds.

122. As a direct and proximate result of Defendants' conspiracy, Plaintiffs have suffered damage.

## COUNT VI
## BREACH OF FIDUCIARY DUTY

123. Plaintiff repeats and realleges every allegation contained above as if fully set forth.

124. Defendants' breach of agreement, mismanagement, deceptive conduct, malpractice and errors and omissions are improperly increasing dues and fees for Class Members.

125. Boca West advertises that it is "The Nation's #1 Private Residential Country Club[,]" but its deceptive conduct has resulted in skyrocketing dues and fees

126. Defendants have deceptively increased membership dues, decreased refunds and increased fees.

127. Defendants have deceptively increased fees, costs, terminated or re-categorized memberships, failed to refund Membership payments for terminated, re-categorized or resigned members, and demanded and received payment for rental lockers it did not provide.

128. By their wrongful acts and the omissions of material fact they caused to be made, the Defendants were unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

129. Defendants' financial benefit and other benefits, including but not limited to receiving and utilizing extra Club benefits was unjust because of the Defendants' bad faith conduct.

130. Defendants had a fiduciary duty to Plaintiff and the Class.

131. Defendants breached the duty owed to Plaintiff and the Class.

132. Plaintiff and the Class suffered damages caused by the breach.

## COUNT VII
## PROFESSIONAL NEGLIGENCE

133. Plaintiff repeats and realleges every allegation contained above as if fully set forth.

134. An attorney-client relationship existed between Defendants Glassman and Corman and BWCC, creating a duty by Defendants.

135. Defendants Glassman and Corman breached that duty.

136. Defendants Glassman and Corman's breaching that duty was a proximate cause of Plaintiff and Class injury/damages.

137. Plaintiff and the Class were damaged by Defendants Glassman and Corman's legal malpractice and negligence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for a judgment against Defendants:

A. For an order certifying the Class, appointing Plaintiff as class representative, and appointing Plaintiff's law firms as Class counsel;

B. For compensatory damages sustained by Plaintiff and the class;

C. For punitive and all other damages available to the Class;

D. For payment of costs of suit incurred;

E. An order awarding Plaintiffs and class members reasonable attorneys' fees, under Florida Statute §57.105(7) or otherwise based in law or equity, and costs of suit, including expert witness fees;

F. For both pre-and post-judgment interest on any amounts awarded;

G. For injunctive and declaratory relief; and

H. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 3, 2017

**KANIUK LAW OFFICE, P.A.**

By: */s/Ronald Scott Kaniuk*
Ronald Scott Kaniuk (Florida Bar 0112240)
ron@KaniukLawOffice.com
301 Yamato Road, Suite 2121,
Boca Raton, Florida 33431
(561) 292-2127

Michael L. Braunstein
(*Pro Hac Vice* Motion will be filed)
**THE BRAUNSTEIN LAW FIRM, PLLC**
MBraunstein@BraunsteinFirm.com
3 Eberling Drive
New City, NY 10956
(845) 499-2198

*Counsel for Plaintiff*