UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80574-Civ-Rosenberg/Hopkins

FRANK CALMES, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

BOCA WEST COUNTRY CLUB, INC.,
BW-PC, LLC, JEROLD GLASSMAN,
PHILIP KUPPERMAN, and LARRY
CORMAN,

    Defendants.
_____/

## ORDER GRANTING MOTION TO APPEAR *PRO HAC VICE* [DE 47]

This cause is before the Court upon referral from the District Court. Before the Court is a fully-briefed Motion to Appear *Pro Hac Vice* ("Motion"). [DE 47, DE 48, DE 50, DE 53]. For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This case is brought by Plaintiff, an individual property owner, against a country club and its affiliates. Plaintiff alleges that the country club, operating through its board members, breached agreements, mismanaged the sale of club property, increased dues, and took other unjust actions resulting in reduced property values and other significant losses for Plaintiff and other similarly situated property owners. [DE 9]. Defendants responded with a motion seeking to dismiss the operative complaint. [DE 21]. This motion to dismiss remains pending.

Meanwhile, Plaintiff's current counsel filed the instant Motion seeking for New York-based attorney, Michael Braunstein, to be admitted *pro hac vice* for purposes of serving as co-

1

counsel for Plaintiff. Defendants oppose the Motion on grounds that Mr. Braunstein engaged in the unlicensed practice of law by soliciting potential plaintiffs in this case. Defendants further claim that Plaintiff failed to confer with Defendants prior to filing the Motion as required.

## **DISCUSSION**

The instant Motion is governed by two sources of authority: the local rules and federal common law. First, under Rule 4 of this District's Special Rules Governing the Admission and Practice of Attorneys, any attorney who is not admitted to practice in this District, but is a member in good standing of the bar of any U.S. Court may apply in writing to appear and participate in a case. S.D. Fla. Att'y Admis. & Prac. R. 4. The applicant must certify that he or she has studied the local rules and pay an appearance fee. *Id.* The applicant must also designate a member of this Court's bar who maintains a law office in this District and with whom the Court and opposing counsel may readily communicate about the case and upon whom papers shall be served. *Id.* The applicant must submit a written statement consenting to the designation, and the address and telephone number of the named designee. *Id.* Here, it is undisputed that the Motion satisfies Rule 4's criteria.

> Turning next to federal common law, in the Eleventh Circuit:
>
> Admission to a state bar creates a presumption of good moral character that cannot be overcome merely by the whims of the District Court. An applicant for admission *pro hac vice* who is a member in good standing of a state bar may not be denied the privilege to appear except on a showing that in any legal matter, whether before the particular district court or in another jurisdiction, he has been guilty of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the court.

*Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d 1553, 1559 (11th Cir. 1997) (citing *In re Evans*, 524 F.2d 1004, 1007 (5th Cir. 1975)). From a procedural standpoint, if a court has evidence of behavior that it believes justifies a denial of admission *pro hac vice*, the court must

provide the attorney with adequate notice of the ethical charges against that attorney and set a hearing on the issue. *Id.*

Defendants claim that Mr. Braunstein "was [r]eprimanded by the Florida Bar for the unlicensed practice of law by soliciting potential plaintiffs in preparation for the filing of the instant action" and that Mr. Braunstein's conduct "raises serious ethical concerns and disciplinary issues that justify denial of his *pro hac vice* motion." [DE 48 at 2; DE 50 at 4]. Indeed, on April 13, 2017, the Florida Bar sent Mr. Braunstein a "letter of advisement" based upon a complaint of improper solicitation of Florida country club members. [DE 50-2]. The letter stated that Mr. Braunstein's solicitation "raises unlicensed practice of law concerns" and that he was to "immediately cease all advertising and solicitation relating to potential claims against the Florida country club." [*Id.*]. The letter went on to advise that because Mr. Braunstein "may not have been aware of the law in Florida," the file in the matter would be closed but that any additional complaints could prompt further action. [*Id.*]. Notably, there is no evidence of any complaints after the Florida Bar letter was sent or of any further action taken against Mr. Braunstein by the Florida Bar.

Under the circumstances and recognizing Plaintiff's entitlement to counsel of his own choosing, the Court does not find a justifiable reason to deny *pro hac vice* admission. It is undisputed that Mr. Braunstein remains a member of good standing in the Southern District of New York [DE 47-2]. And the Court follows the Florida Bar's lead in giving Mr. Braunstein the benefit of the doubt regarding his knowledge of Florida law governing the solicitation rules in Florida. Thus, the Court will allow Mr. Braunstein to appear *pro hac vice* as co-counsel for Plaintiff in this case. Of course, this admission is without prejudice to Defendants raising any relevant concerns regarding Mr. Braunstein's representation of Plaintiff and perhaps other

3

property owners at the class certification stage. In addition, the Court cautions Mr. Braunstein and his co-counsel that the Court expects strict compliance with all applicable rules of professionalism and ethical standards going forward in this case. No exceptions.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Motion to Appear *Pro Hac Vice* [DE 47] is **GRANTED**. The Clerk shall provide e-notice of all filings to MBraunstein@braunsteinfirm.com.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 25th day of September, 2017.

*James M. Hopkins*
_____
JAMES M. HOPKINS,
U.S. MAGISTRATE JUDGE