UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:17-CV-80574-ROSENBERG/HOPKINS

FRANK CALMES, individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

BOCA WEST COUNTRY CLUB, INC., a Florida
Not for Profit Corporation, BW-PC, LLC, a Florida
Limited Liability Company, JEROLD GLASSMAN,
PHILIP KUPPERMAN, and LARRY CORMAN,

    Defendants.
_____/

### ORDER GRANTING DEFENDANTS' AMENDED MOTION TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon Defendants' Amended Motion to Dismiss Plaintiff's Amended Class Action Complaint [DE 21]. The Court has carefully considered all relevant filings in this case and is otherwise fully advised in the premises. For the reasons set forth below, this case is DISMISSED WITHOUT PREJUDICE.

**I.    BACKGROUND**

Plaintiff, Frank Calmes, represents an alleged class of property owners at Defendant, Boca West Country Club. DE 9 ¶ 1. Plaintiff alleges that Defendants committed various acts of mismanagement of Boca West, including mismanaging the sale of club property and increasing membership dues. *Id.* ¶¶ 3–4. This has impacted the values of the Class Members' properties. *Id.* ¶¶ 48–52.

Defendant BW-PC was involved in business dealings with Defendant Boca West. *Id.* ¶ 12. Defendants Jerold Glassman and Phillip Kupperman are board members at Defendant Boca

West, *id.* ¶ 5, and Larry Corman is General Counsel for Defendant Boca West, *id.* ¶ 7. The Amended Complaint alleges that the Plaintiff and all of the Defendants are citizens of Florida. *Id.* ¶¶ 10–15. Several of the Class Members, however, are allegedly citizens of other states. *Id.* ¶ 18.

Plaintiff alleges eight counts in his Amended Complaint. He alleges Declaratory Judgment (Count I), Breach of Contract (Count II), Injunctive Relief (Count III), Violation of Florida's Consumer Protection Laws (Count IV), Unjust Enrichment (Count V), Civil RICO/Conspiracy (Count VI), Breach of Fiduciary Duty (Count VII)[1], and Professional Negligence (Count VIII). The Amended Complaint invokes federal court jurisdiction under the Class Action Fairness Act. *Id.* ¶¶ 16–20.

Defendants filed their Motion to Dismiss on June 22, 2017. DE 21. Plaintiff filed his Response on July 13, 2017, DE 31, and Defendants filed their Reply on July 20, 2017, DE 40.

## II. JURISDICTIONAL ANALYSIS

When a plaintiff files suit in federal court, he must allege facts that, if true, show federal subject-matter jurisdiction over his case exists. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts that this Court has subject-matter jurisdiction under the Class Action Fairness Act ("CAFA"). Plaintiff also asserts claims under two federal statutes, 28 U.S.C. § 2201(a), the Declaratory Judgment Act (Count I), and 18 U.S.C. § 1964, the civil remedies provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count VI). The

---

[1] Both Civil RICO/Conspiracy and Breach of Fiduciary Duty are listed as Count VI and Professional Negligence is listed as Count VII. To remedy this error, the Court construes Civil RICO/Conspiracy as Count VI, Breach of Fiduciary Duty as Count VII, and Professional Negligence as Count VIII.

2

Court first analyzes whether it has subject-matter jurisdiction under CAFA. Because subject-matter jurisdiction is lacking under CAFA, the Court must analyze whether Plaintiff's federal claims provide this Court with subject-matter jurisdiction under 28 U.S.C. § 1331.

## A. Class Action Fairness Act

The Amended Complaint states that "[t]his Court may assert jurisdiction under the Class Action Fairness Act because the acts occurred in Florida, the Plaintiff is a citizen of the State of Florida, and the amount in controversy exceeds $5,000,000." DE 9 ¶ 16. The Amended Complaint also states that each of the five Defendants is a citizen of Florida, *id.* ¶ 11–15, and that "[w]hile Class members own BWCC property, many are citizens of other states," *id.* ¶ 18.

CAFA provides that federal district courts have original jurisdiction over class actions where (1) the amount in controversy exceeds $5,000,000, and (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). CAFA did not alter the traditional rule that the party seeking access to the federal court bears the burden of persuasion regarding jurisdictional issues including citizenship. *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006). Further, in assessing if the party seeking access to the federal court has met that burden, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case[.] . . . [N]o presumptive truthfulness attaches to plaintiff's allegations." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Plaintiff alleges insufficient facts for the Court to establish that it has subject-matter jurisdiction under CAFA.

### i. Amount In Controversy

Plaintiff does not allege sufficient facts for this Court to conclude that the amount in controversy exceeds $5,000,000. Plaintiff makes two allegations regarding the amount in

controversy. First, he alleges that "Defendants' mismanaging the sale of club property led to a loss of over $17,000,000. . . . Because the Akoya units [at Defendant Boca West] were not timely built, the Club lost $9,000,000 in yearly dues- 120 units x $15,000 annual dues x 5 years = $9,000,000. Further, the Club lost $8,400,000.00 in initiation fees – 120 units x $70,000 initiation fee = $8,4000,000." DE 9 ¶ 3. Notably, Plaintiff does not explain how he and the Class Members suffered any injury as a result of Defendants' alleged actions. Rather, he states that Boca West—one of the Defendants—lost $17,000,000. It is unclear how this loss shows that the amount in controversy exceeds $5,000,000.

Plaintiff also alleges that Class Members' properties have decreased over $120,000 per unit, for a total loss of $500,000,000, as a result of Defendants' mismanagement. DE 9 ¶¶ 4. Plaintiff, however, does not explain how he calculated the loss of over $120,000 per unit. Plaintiff does not allege sufficient facts for the Court to plausibly infer that the amount in controversy exceeds the jurisdictional requirement of $5,000,000.

   ii.   **Minimal Diversity**

Plaintiff did not carry his burden of establishing minimal diversity such that at least one Plaintiff is diverse from at least one Defendant. For federal courts to have subject-matter jurisdiction under CAFA, there is "a 'minimal diversity' requirement under which, for purposes of establishing jurisdiction, only one member of the plaintiff class—named or unnamed—must be diverse from any one defendant." *Lowery v. Ala. Power, Co.*, 483 F.3d 1184, 1193 n.24 (11th Cir. 2007) (citation omitted).

Although Plaintiff alleges that there are class members who are citizens of states other than Florida, DE 9 ¶ 18, he does not offer any support for these statements or even name the states of which the other class members are citizens. This is insufficient to persuade the Court

that minimal diversity is met and that it has subject-matter jurisdiction under CAFA to hear this case. *See, e.g.*, *Handforth v. Stenotype Institute of Jacksonville, Inc.*, No.3:09-cv-361-J-32MCR, 2010 WL 55578, at *3 (M.D. Fla. 2010) (finding plaintiff did not satisfy her burden to establish subject-matter jurisdiction under CAFA by only alleging that there were diverse class members but not providing other support).

### iii. Other CAFA Requirements

The Court notes that, even if Plaintiff had alleged sufficient facts to establish the amount in controversy and minimal diversity, the Court still lacks subject-matter jurisdiction under CAFA. 28 U.S.C. § 1332(d)(4) states that "[a] district court shall decline to exercise jurisdiction" under CAFA:

> **(A)(i)** over a class action in which--
> > **(I)** greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> > **(II)** at least 1 defendant is a defendant--
> > > **(aa)** from whom significant relief is sought by members of the plaintiff class;
> > > **(bb)** whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > > **(cc)** who is a citizen of the State in which the action was originally filed; and
> > **(III)** principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> **(ii)** during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
> **(B)** two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

Here, the Amended Complaint does not provide what percentage of the Class are citizens of Florida and it states that all of the Defendants are citizens of Florida. DE 9 ¶¶ 10–15. The Court does not know if other class actions asserting similar factual allegations against the defendant have been brought during the past three years. A pleading that asserts jurisdiction under CAFA needs to provide the Court with this information in order for the Court to facially conclude that it has subject-matter jurisdiction.

## B. Federal Question Jurisdiction

Because the Court concludes that are insufficient facts to support finding that it has subject-matter jurisdiction under CAFA, the Court analyzes whether it has subject-matter jurisdiction under federal question jurisdiction. 28 U.S.C. § 1331 grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Whether federal question jurisdiction exists is determined by the 'well-pleaded complaint rule,' which provides whether a case 'arises under' federal law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim.'" *Bankunited v. Blum*, No. 14-81232-CIV, 2015 WL 328241, at *2 (S.D. Fla. Jan. 26, 2015) (quoting *Homes Grp., Inc. v. Vorando Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002)).

### 1. Declaratory Judgment Act

Plaintiff alleges a claim under 28 U.S.C. § 2201(a), the Declaratory Judgment Act. DE 9 ¶¶ 75–84. The Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presumption of a federal question." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) (citing *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667, 672 (1950)).

Thus, Plaintiff's Declaratory Judgment Act claim does not provide a basis for subject-matter jurisdiction.

2. **Civil RICO**

Plaintiff does not clearly state if he is alleging a RICO claim under federal or state law. "In order to establish a federal civil RICO violation under [18 U.S.C.] § 1962(c), the plaintiffs must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir 2006) (citations and internal quotation marks omitted). Racketeering activity is defined as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . which is chargeable under State law and punishable by imprisonment for more than one year" or any act under several enumerated federal statutes. 18 U.S.C. § 1961(a).

Florida also has a RICO statute that is similar to the federal RICO statute. The two statutes differ, however, in their definition of racketeering activity; the Florida RICO statute's definition includes predicate offenses that are not listed under federal RICO. *Compare* Fla. Stat. § 772.102, *with* 18 U.S.C. § 1961(a). Notably, federal RICO does not list common law fraud as a predicate offense, *see id.*, but Florida RICO does, *see* Fla. Stat. § 772.102(a)(22).

Plaintiff does not state if he is bringing the claim under federal or Florida RICO. To support his RICO claim, Plaintiff argues that Defendants conspired to commit various misrepresentations in order to defraud Plaintiff and the Class Members of money. DE 9 ¶¶ 119–125. Defendants argue, and Plaintiff concedes, that "[c]ommon law fraud . . . is not one of the crimes enumerated in the definition of 'racketeering activity'" under federal RICO. *See* DE 21 at

21; DE 31 at 15. In response, Plaintiff argues that Florida RICO includes common law fraud as a predicate offense. *Id.*

Although not clear, Plaintiff appears to bring his civil RICO claim under the Florida RICO statute, rather than the federal RICO statute. The Amended Complaint does not allege that Defendants committed violations of any of the enumerated state or federal laws necessary to bring a claim under the federal RICO statute. *See* DE 9 ¶¶ 119–25. Additionally, Plaintiff's Response to Defendants' Motion to Dismiss acknowledges the flaw in his Amended Complaint under the federal RICO statute and suggests that the claim is brought under the Florida RICO statute. Thus, because the claim is not brought under a federal statute, it does not provide a basis for federal subject-matter jurisdiction.

## III. CONCLUSION

Plaintiff alleges insufficient facts for the Court to conclude that it has subject-matter jurisdiction under CAFA or federal question jurisdiction.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Amended Complaint [DE 9] is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a Seconded Amended Complaint by October 24, 2017. Defendant's Motion to Dismiss [DE 21] is **GRANTED** in so far as Plaintiff's claims are dismissed.[2]

---

[2] Because the Court may lack subject-matter jurisdiction to hear this case, it does not address the arguments raised in [DE 21] Defendants' Amended Motion to Dismiss Plaintiff's Amended Class Action Complaint. These arguments can be raised again, if necessary, after the filing of Plaintiff's Second Amended Complaint.

2. Defendants' Joint Motion to Require Plaintiff to Post Bond Pursuant to Fla. Stat. § 501.211(3) Pending the Outcome of Litigation [DE 22] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida this 13th day of October, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF